**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 17 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

VIRGIL WAYNE BRADFORD,

      Petitioner - Appellant,

v.

RON WARD,

      Respondent - Appellee.

No. 98-6095

(D.C. No. CIV-97-1499-L)

(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

      After examining Petitioner-Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

      Petitioner, appearing *pro se*, asks this court to grant him a certificate of appealability, thereby allowing him to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition. We may issue a certificate of appealability only when

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the applicant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Petitioner's Application for Certificate of Appealability asserts that the trial court erred in denying his motion to suppress evidence because the evidence was seized during a search which violated his constitutional rights. Petitioner had a full and fair opportunity to litigate this claim in the state courts and is, therefore, precluded from bringing a claim for habeas corpus relief based on this assertion. See Stone v. Powell, 428 U.S. 465, 482 (1976); Miranda v. Cooper, 967 F.2d 392, 401 (10th Cir.), cert. denied, 506 U.S. 924 (1992).

Petitioner also alleges that he is entitled to a certificate of appealability because he was denied the right to effective assistance of counsel. Petitioner did not assert this claim in his original petition for habeas corpus relief. Issues not raised in the district court may not be considered by this court on appeal absent extraordinary circumstances. See Smith v. Secretary of N.M. Dep't of Corrections, 50 F.3d 801, 814 n.22 (10th Cir.), cert. denied sub nom. Mondragon v. Smith, 516 U.S. 905 (1995). Because this case does not involve extraordinary circumstances justifying a departure from this rule, we do not address Petitioner's claim that he was denied effective assistance of counsel.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, his application for a certificate of appealability is **DENIED**,

and the district court's denial of habeas relief is **AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge